**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1711-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALEXIS CANADAS, a/k/a
ALEX CANADAS,

    Defendant-Appellant.

_____

Submitted April 25, 2022 – Decided June 24, 2022

Before Judges Messano and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 15-02-0231 and 16-01-0056.

Joseph E. Krakora, Public Defender, attorney for appellant (David A. Gies, Designated Counsel, on the briefs).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Alexis Canadas of second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); fourth-degree possession of hollow-nose bullets, N.J.S.A. 2C:39-3(f); and fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d). The same jury convicted defendant under a separate indictment charging him with first-degree unlawful possession of a handgun by a person with a prior conviction of a NERA[1] crime, N.J.S.A. 2C:39-5(j). State v. Canadas, No. A-4486-15 (App. Div. July 11, 2018) (slip op. at 3–4).[2]

On direct appeal, we affirmed defendant's conviction but vacated his sentence, concluding the judge erred by imposing an extended term of imprisonment pursuant to the Graves Act on defendant's conviction under N.J.S.A. 2C:39-5(j); we remanded for re-sentencing. Id. at 27, 35. The judge then imposed a sixteen-year aggregate sentence with an eight-year parole ineligibility term. The Supreme Court denied defendant's petition for certification. State v. Canadas, 236 N.J. 604 (2019).

---

[1] The No Early Release Act, N.J.S.A. 2C:43-7.2.

[2] The same jury acquitted co-defendant Michael Muniz. Ibid.

A-1711-20

Defendant's timely pro se petition for post-conviction relief (PCR) generally alleged trial counsel provided ineffective assistance (IAC). After PCR counsel was appointed by the court, defendant filed an amended petition asserting with greater specificity the grounds for his IAC claim. Among other things, defendant contended trial counsel was ineffective for failing to object during the prosecutor's summation. Defendant argued there was no evidence to support the State's comment that "the handgun at issue came from [defendant's] hand and that [defendant] took the weapon, reached down and put it under his seat" in the car defendant was driving when stopped by police.[3]

In a written opinion, Judge John I. Gizzo, who was also the trial judge, recounted some of the trial evidence. He noted that Detective Anna Colon of the Newark Police Department testified regarding the stop of defendant's car. Colon said as she approached the Acura, she saw defendant through an open window "hunched over and moving his right arm even though his registration and insurance documents were on his lap." Judge Gizzo recounted that Detective Colon shone "her flashlight into the car and saw the handle of a handgun protruding from under the driver's seat."

---

[3] While the petition and amended petitions included other IAC claims which the judge addressed, the failure to object to the prosecutor's summation comments is the only one defendant raises on appeal.

A-1711-20

Judge Gizzo appropriately cited the proper standards governing an IAC claim, specifically the two-prong test adopted by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), and applied by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).[4]  Regarding the prosecutor's summation comments, Judge Gizzo observed that the jurors received the model jury instructions cautioning them to decide the case based on the evidence and not counsels' summations.

More importantly, the judge said, "[T]here was an admission of ownership [of the gun] in the State's case in chief."  See Canadas, slip op. at 3 (noting Colon's testimony that defendant became upset while being arrested and "made it known that the gun was his and not [Muniz's].").  Judge Gizzo also observed that Muniz's counsel did object during the prosecutor's summation at one point, and the judge overruled the objection, reasoning the prosecutor was making fair comment on the evidence.  See, e.g., State v. McNeil-Thomas, 238 N.J. 256, 280 (2019) (finding prosecutor's summation comments were "'reasonably related to

_____

[4]  To establish a viable IAC claim, a defendant must first show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687).  Additionally, a defendant must prove he suffered prejudice due to counsel's deficient performance.  Strickland, 466 U.S. at 687. A defendant must show by a "reasonable probability" that the deficient performance affected the outcome.  Fritz, 105 N.J. at 58.

the scope of the evidence presented,' and fell squarely 'within the considerable leeway afforded [to prosecutors] in closing argument.'" (alteration in original) (citations omitted)).  The judge concluded, "the allegation that trial counsel was ineffective for failing to object to the State's comments during summation[] would fail both prongs of the Strickland test."  The judge's June 10, 2020 order denied defendant's PCR petition.

Before us, defendant reiterates his argument that trial counsel provided ineffective assistance by failing to object to the prosecutor's summation comments that the gun had been "in defendant's hand," and that defendant put it under the driver's seat when police stopped the car.  He contends there was no evidence to support the comments.  Defendant urges us to reverse and remand for an evidentiary hearing.

We conclude the argument lacks sufficient merit to warrant extended discussion in a written opinion.  R. 2:11-3(e)(2).  We affirm for the reasons expressed by Judge Gizzo in his written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1711-20